UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-459-F

| | |
|---|---|
| PENTAIR WATER POOL AND SPA, INC.; ) | |
| and DANFOSS DRIVES A/S, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| HAYWARD INDUSTRIES, INC.; and ) | |
| HAYWARD POOL PRODUCTS, INC., ) | |
| Defendants. ) | |

On December 14, 2011 – the date a Response was due from Pentair to Hayward's Amended Answer and Counterclaims [DE-50] – Pentair filed a Motion [DE-72] to Strike that Amended Answer and Counterclaims. The Motion to Strike is *not* yet ripe. On the same day, Pentair moved [DE-75], for an order extending its time to file a Response to the Amended Answer and Counterclaims. That motion *is* ripe.

Also pending and ripe is Hayward's Motion to Compel [DE-90] certain material it contends is responsive to its expedited limited discovery requests but which Pentair allegedly intentionally omitted from its responses. The court perceives that Hayward seeks an order requiring Pentair to produce the described material for the court to consider in ruling on Pentair's Motion for Preliminary Injunction.

A. Pentair's Motion to Extend Time [DE-75]

The court has considered the parties positions concerning Pentair's request. In the interests of justice, it is ORDERED that Pentair's Motion for Extension of Time [DE-75] to respond to Hayward's Amended Answer and Counterclaims is ALLOWED. Pentair shall file such response, if appropriate, within fourteen (14) days after entry of an order on Pentair's Motion to Strike [DE-72]. If the latter motion is allowed, no response will be necessary.

B. Hayward's Motion to Compel [DE-90]

Hayward's Motion to Compel Production [DE-90], seeks an order requiring Pentair to produce documents purportedly critical to Hayward's ability to demonstrate "invalidity" of the patents-in-suit for purposes of the pending Motion for Preliminary Injunction [DE-7]. Hayward contends that Pentair intentionally omitted from its document production cover pages of certain Danfoss manuals that would have revealed evidence supporting Hayward's contention that the '597 Patent is invalid because the invention described in '597 was " 'described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.' " Hayward Motion to Compel [DE-90] (quoting 35 U.S.C. § 102(b)). Hayward believes this information should have been produced in response to its Requests for Production Nos. 3 and 6, and Interrogatory No. 8.

Pentair responds by asserting that it did not intentionally omit any portion of responsive documents, and that the subject documents were produced in the form in which they are maintained. Pentair also complains that the specific information Hayward seeks is not necessarily covered by the expansive wording of the three subject discovery requests.

Hayward also complains that Pentair failed to "produce these documents [various versions of the Danfoss VLT 8000 manual] – and likely others – in languages other than English. This information – specifically the publication and/or copyright dates – are germane to Hayward's defense that the '597 patent is invalid pursuant to 35 U.S.C. § 102(b)." *Id.* p. 4. It is not clear whether Hayward is asking for copies of all foreign-language manuals, or whether Hayward is asking that Pentair be required to translate, transcribe and produce any foreign-language Danfoss VLT 8000 manuals into English in response to Hayward's Request for Production No. 6.

2

Finally, Hayward seeks copies of "joint research agreements" between Pentair and Danfoss relating to the '597 Patent. Pentair's Zack Pickard had referred in his deposition to the possibility that such agreement(s) may have existed, but testified that he has not seen any. Hayward seeks this information as purportedly relevant to its "prior art" invalidity defense to the '597 Patent.

In summary, Hayward seeks an order compelling Pentair to produce:

> complete copies of all documents responsive to Hayward's Requests for Production nos. 3 & 6. Such documents should include, but not be limited to, all versions of all product manuals, application notes, brochures and specifications for the Danfoss VLT 8000 drive and the Danfoss VLT 6000 drive from 1996 through 2006 in all languages, each of which contains information sufficient to reveal the date of publication and/or the date of first disclosure to the public. Such documents also should include, but not be limited to, all agreements between Danfoss and Pentair relating to the collaboration between Danfoss and Pentair in the design, development, manufacture and sale of variable speed pumps and controllers.

Hayward Motion to Compel [DE-90] at p. 6.

In response, Pentair complains that Hayward waited an unreasonable amount of time under the circumstances to file the motion to compel thousands of pages of new documents. Pentair also complains that the documents demanded are not covered by the specific discovery requests, and that Hayward improperly failed to attempt a "meet and confer" with Pentair prior to seeking an order to compel. Pentair contends its responses are sufficient, that Hayward simply is trying to forestall a ruling on Pentair's Motion for Preliminary Injunction [DE-7].

Pentair explains that there are not any "missing pages" from the Danforth manuals, and provides the declaration of Lars Hoffman Berthelsen, [DE-105] ¶ 2, to the effect that Pentair produced the requested documents in the form in which they are maintained. Pentair explains

3

that the Danfoss VLT 8000 drive was independently developed and is unrelated to Pentair's own variable speed technology.

Pentair also explains that the Danfoss manuals originally are drafted in English and later translated into other languages. Pentair produced the original English manuals. *See* Berthelsen Decl. at ¶ 3. Pentair correctly points out that Hayward has not offered any explanation for why the original English manuals are insufficiently responsive to the request for production.

The hearing on Pentair's Motion for Preliminary Injunction already has occurred. Pentair wants a ruling on that motion prior to the January 24, 2012, Atlantic City Pool & Spa show and the court is attempting to comply. Hayward's Motion to Compel Production [DE-90] is DENIED insofar as it seeks such production for the court's consideration in its attempt to render a decision on the preliminary injunction motion before January 24, 2012. However, Hayward may narrow and renew its requests and interrogatories to Pentair concerning Danfoss VLT 8000 manual cover pages and foreign-language translations, and alleged "joint research agreements" during regular discovery.

## SUMMARY

It is ORDERED that Pentair's Motion for Extension of Time [DE-75] to respond to Hayward's Amended Answer and Counterclaims is ALLOWED. Pentair shall file such response, if appropriate, within *fourteen (14) days* after entry of an order on Pentair's Motion to Strike [DE-72].

It further is ORDERED that Hayward's Motion to Compel Production [DE-90] is DENIED insofar as it seeks such production for the court's consideration in rendering a decision on the preliminary injunction motion before January 24, 2012. However, Hayward may narrow and renew its requests and interrogatories to Pentair concerning Danfoss VLT

8000 manual cover pages and foreign-language translations, and alleged "joint research agreements" during regular discovery, and may file another motion to compel if the circumstances so demand.

SO ORDERED.

This, the 20th day of January, 2012.

*[signature]*
JAMES C. FOX
Senior United States District Judge